**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR JACKSON,

    Plaintiff,                         Case No. 11-cv-14342

v.                                   HONORABLE STEPHEN J. MURPHY, III

DEBBIE RUSS,

    Defendant,

_____/

## ORDER OF SUMMARY DISMISSAL

This matter is before the Court on Plaintiff Arthur Jackson's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Jackson is an inmate currently confined at the Marquette Branch Prison in Marquette, Michigan. On October 20, 2011, the magistrate judge signed an order of deficiency, which required Mr. Jackson to pay the $350 filing fee, or to submit an application to proceed in forma pauperis within thirty days of the order, including an updated trust fund account statement for the six month period preceding the filing of the complaint, as well as an authorization to withdraw funds from his prison trust fund account. To date, Mr. Jackson has neither paid the filing fee in full or supplied this Court with the requested information therefore the complaint is dismissed with prejudice.

The Prisoner Litigation Reform Act of 1995 ("PLRA") states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform*

*Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action in forma pauperis if he or she files an affidavit of indigence and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him or her thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

The Court will dismiss the complaint for want of prosecution, because of Mr. Jackson's failure to comply with the magistrate judge's deficiency order by failing to timely pay the filing fee or to provide the requested documentation needed to proceed in forma pauperis. *See Erby v. Kula,* 113 Fed. Appx. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003). Because the case is being dismissed under these circumstances, the case is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605; *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 24, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 24, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager